IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-289-1BO
NO. 5:12-CV-56-BO

ANDRE DION WILKERSON,      )
      Petitioner,      )
                 )
        v.      )      **O R D E R**
                 )
UNITED STATES OF AMERICA,      )
      Respondent.      )

This matter is before the Court on Petitioner's Corrected Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 75]. For the reasons discussed below, Petitioner's Motion is granted.

## BACKGROUND

Petitioner was charged in a one-count indictment alleging he was in possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner pleaded guilty to pursuant to a plea agreement on February 23, 2011, and was sentenced by this Court on July 19 2011, to a term of imprisonment of thirty-six (36) months. Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on February 13, 2012, alleging that his prior North Carolina convictions are no longer felonies in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

## DISCUSSION

In *Simmons*, the Fourth Circuit addressed which North Carolina state convictions under the Structured Sentencing Act are felony offenses, holding that the federal sentencing court must look to the "conviction itself" and, if the state sentencing court "never made the recidivist finding

necessary" to expose the defendant to a higher sentence, the government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n.12 (2010)).

Petitioner has four prior North Carolina state convictions upon which a 18 U.S.C. § 922(g) charge might rest. However, based on Petitioner's offense conduct and prior record, none of Petitioner's North Carolina state convictions exposed Petitioner to a term of imprisonment exceeding twelve months. As conceded by the Government, none of Petitioner's state convictions now qualify as predicate convictions under 18 U.S.C. § 922(g)(1) in light of *Simmons*. Petitioner's Motion to Vacate must therefore be granted.

## CONCLUSION

For the reasons discussed above, and with the concurrence of the government, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED. Petitioner Andre Dion Wilkerson's conviction and judgment entered on July 19, 2011, are VACATED and the indictment in this matter is hereby DISMISSED. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this _30_ day of March, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2